# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No.  EP:26-MJ-02585(4)-LE** |
| | § | |
| **IRVIN ALONSO GUZMAN-LUNA** | § | |

## EXPEDITED MOTION FOR NUNC PRO TUNC CLARIFICATION OF MANDATORY RULE 5.1(F) DISCHARGE

Defendant Irvin Alonso Guzman-Luna, by and through undersigned counsel, moves for expedited clarification of the Court's June 24, 2026 preliminary-hearing order.

The issue is narrow. The Government charged Defendant only in Count Two. The Court found no probable cause on Count Two. Because no charged offense remains against Defendant, Federal Rule of Criminal Procedure 5.1(f) requires both dismissal of the Complaint as to him *and* his discharge.

But the preliminary-hearing order does not expressly discharge Defendant. And because the order also includes a probable-cause finding as to Count One—a count the Government did not charge against Defendant—the order is unclear as to Defendant's status.

A probable-cause finding on Count One cannot create a new charge against Defendant. A preliminary-hearing order is not a complaint, an indictment, or any other charging instrument recognized by any legal authority. Nor may the Judicial Branch exercise the Executive Branch's charging authority, interfere with its prosecutorial discretion, or issue advisory guidance on how it may fix a dismissed criminal charge against a defendant.

For these reasons, Defendant respectfully asks the Court to clarify its preliminary-hearing order, *nunc pro tunc* to the date of the original order, to state that the Complaint is dismissed as to him and that he is discharged under Rule 5.1(f).

**EXPEDITED BASIS**

Expedited clarification is necessary because the June 24, 2026 preliminary-hearing order affects Defendant's immediate status under the Complaint. Defendant has been in federal custody since June 7, 2026, awaiting a ruling on probable cause. The Court has now dismissed Count Two—the only charge brought against him—but did not expressly discharge him under Rule 5.1(f), leaving unclear whether he remains subject to criminal custody or restraint.

That issue requires prompt clarification. Defendant should not be held on an uncharged offense or a dismissed Complaint. Delay also risks depriving Defendant of meaningful review within Rule 59(a)'s 14-day review period.

**STANDARD**

Federal Rule of Criminal Procedure 3 provides that a criminal complaint "is a written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 3.

Rule 5.1 governs preliminary hearings before indictment. If the magistrate judge finds probable cause to believe "an offense has been committed and the defendant committed it," the court must require the defendant to appear for further proceedings. Fed. R. Crim. P. 5.1(e). But if the magistrate judge finds no probable cause, the court "must dismiss the complaint and discharge the defendant." Fed. R. Crim. P. 5.1(f). Read together, Rules 3 and 5.1 tie the preliminary hearing to the complaint and to the offense charged against that defendant.

**ARGUMENT**

**I.      The Court's No-Probable-Cause Finding on Count Two Triggered Rule 5.1(f).**

The Complaint separated this case into two charges. Count One charged the three other co-defendants with transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Count Two charged only Defendant with bringing aliens to the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(i).

2

In sum, the Government charged Defendant only in Count Two. It did not charge him in Count One.

In its preliminary-hearing order, the Court found no probable cause on Count Two. That finding resolved the only charge brought against Defendant in the Complaint. Because no charged offense remains against him, Rule 5.1(f) requires both dismissal of the Complaint as to Defendant and his discharge.

### II.    The Order Should Be Clarified Because, Without Discharge Language, It Is Unclear Whether Defendant Remains Held on an Uncharged Offense.

The preliminary-hearing order dismisses Count Two—the only charge brought against Defendant. But it also finds probable cause that Defendant may have committed Count One—a charge the Government did not bring against him. Because the order does not expressly discharge Defendant, the order leaves Defendant's status unclear: either Rule 5.1(f) requires his discharge because the only charge against him was dismissed, or he remains held based on probable cause for an uncharged offense. Clarification is necessary to resolve that ambiguity.

Rule 5.1(f) requires the Court to "dismiss the complaint" and "discharge the defendant" when probable cause is lacking. Fed. R. Crim. P. 5.1(f). That rule is tied to the charge or charges in the complaint against the specific defendant. It is not tied to any uncharged offense the evidence might suggest.

Rule 5.1(e)'s phrase "an offense" does not change that. The phrase has a sensible role in a multi-charge complaint. If a defendant is charged with several offenses and probable cause exists for one charged offense, the defendant need not be discharged merely because probable cause is lacking on another charged offense. *See United States v. Zermeno-Jaime*, No. 7:22-MJ-0395-3, 2022 WL 882274, at *3 (S.D. Tex. Mar. 7, 2022) ("Both as a textual and practical matter, . . . a finding of probable cause as to one count in a multi-count criminal complaint obviates a probable

3

cause finding on any other counts charged."). In that setting, "an offense" means one of the offenses charged against that defendant.

But "an offense" in Rule 5.1(e) cannot mean *any* uncharged offense. That reading would allow a court to find no probable cause on the only charge brought against a defendant, then hold him anyway on a different offense the Government never charged. Nothing in Rule 5.1, any other Rule, or any statute authorizes that result. It would also conflict with Rule 3, which defines a complaint as "a written statement of the essential facts constituting *the* offense charged." Fed. R. Crim. P. 3 (emphasis added).

That reading would also create separation-of-powers problems. A preliminary hearing is a screening device. It asks whether probable cause supports holding the defendant on the charge before the Court. *See* 18 U.S.C. § 3060(a); *United States v. Pack*, 255 F. Supp. 3d 695, 698 (S.D. Tex. 2017) ("Probable cause is the existence of reasonable grounds to believe the accused committed the charged offense."); 1 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 91 (4th ed.) (describing the preliminary hearing as "a screening device").

A preliminary hearing is not a charging proceeding for the Judiciary. As the Fifth Circuit has explained, charging belongs to the Executive, not the Judiciary:

> It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution.

*Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.").

That separation matters here. Magistrate judges assist Article III courts by performing the

functions Congress and the Rules assign. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015). Rule 5.1 assigns magistrate judges a focused screening role during a preliminary hearing: determining whether probable cause supports the charge before the Court. In that context, "an offense" means an offense charged against the defendant. Holding a defendant on an uncharged offense pending grand jury action would exceed that screening role and effectively place the Court in an advisory posture toward the Executive Branch's charging decisions. No legal authority permits that result.

The proper result is therefore straightforward. The Court found no probable cause on the only charge brought against Defendant. Rule 5.1(f) required dismissal of the Complaint as to him and his discharge.

## CONCLUSION

For these reasons, Defendant respectfully requests that, on an expedited basis, the Court clarify its preliminary-hearing order *nunc pro tunc to* state that, after dismissal of Count Two—the only charge brought against him—Defendant is discharged under Rule 5.1(f).

Respectfully submitted,

VALENZUELA LAW FIRM
701 Magoffin Avenue
El Paso, Texas 79901
(915) 209-2719
(915) 493-2404 fax

By:   /s/ Pablo Chapablanco
State Bar No. 24139875
pablo@valenzuela-law.com

Attorney for Defendant

5

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which shall send notification of such filing to all parties.


/s/ Pablo Chapablanco